# Exhibit A

**STATE OF MINNESOTA**              Judicial District:        **DISTRICT COURT**
**County of Hennepin**              Case Type:                Fourth
                                                              Financial Tort


| | |
|---|---|
| Madgett Law, LLC, David J.S. Madgett, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) ) |
| Pravati Capital, LLC; Pravati Investment Fund IV, LP; Alex Chucri; and Robert R. Hopper, John Does 1-99 | ) ) ) ) ) |
| *Defendants.* | ) |

**SUMMONS**

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

IDS Center Suite 1650
80 South 8th Street
Minneapolis, MN 55402

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you

1

Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

December 30, 2024

Andrew Ratelle
Minnesota Attorney No. (#0398018)
IDS Center Suite 1650
80 South 8th Street
Minneapolis, MN 55402
(952) 261 - 4309
ratelle.aj@gmail.com

**STATE OF MINNESOTA**　　　　　　　　　　**DISTRICT COURT**
**County of Hennepin**

| | |
|---|---|
| Judicial District: | Fourth |
| Case Type: | Financial Tort |



|  |  |  |
|---|---|---|
| Madgett Law, LLC, David J.S. Madgett, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| Pravati Capital, LLC; Pravati Investment Fund IV, LP; Alex Chucri; and Robert R. Hopper, John Does 1-99 | ) ) ) ) ) | |
| *Defendants*. | ) ) ) | |

Plaintiffs, by and through their attorney, for their complaint against Defendants upon personal knowledge as to their own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## I.　　INTRODUCTION

Plaintiff David J. Madgett ("Attorney Madgett"), a shareholder of Plaintiff Madgett Law, LLC ("Madgett Law"), brings this action against Defendants Pravati Capital, LLC ("Pravati"), Pravati Investment Fund IV, LP, their CEO Alex Chucri, and attorney Robert R. Hopper for fraud, aiding and abetting fraud, defamation, tortious interference, and related claims.

01841-Madgett

This case arises from a scheme orchestrated by Robert R. Hopper, who repeatedly forged Attorney Madgett's signature on fraudulent litigation funding agreements, including fabricated personal guarantees. Despite glaring red flags, including Hopper's prior history of financial misconduct[1], Pravati, led by its CEO Alex Chucri, failed to conduct due diligence, facilitated Hopper's fraud, and improperly pursued claims against Madgett Law and Attorney Madgett.

When arbitration failed to yield any award against Madgett Law or Attorney Madgett, Defendants engaged in a malicious campaign of defamation and fraud, falsely asserting liens and making improper communications to Madgett Law's clients, causing significant financial harm and irreparable reputational damage. This damage exceeds ten million dollars.

Defendants John Does 1-99, as investors in Pravati, knowingly provided capital to enable and sustain Pravati's wrongful actions, despite knowledge of their misconduct. Plaintiffs bring this action to hold Defendants accountable and seek damages for the substantial harm caused.

---

[1] Mr. Hopper has resigned from the practice of law pending numerous allegations of theft of client funds and at least one allegation of forgery involving an application for a loan or credit card.

Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

## II.     PARTIES

1.  Plaintiff David J.S. Madgett is an attorney practicing in Minneapolis,
    Minnesota, and is a shareholder of Madgett Law, LLC: Mr. Madgett is a
    resident of Minnesota.

2.  Plaintiff Madgett Law, LLC is a Minnesota domestic limited liability company
    founded in 2010. Madgett Law specializes in consumer protection and general
    financial litigation.

3.  The non-party The Hutton Firm f/k/a Madgett & Klein, PLLC is a law firm
    founded in 2018; Attorney Lee Hutton is believed to be the sole owner of The
    Hutton Firm.

4.  Defendant Pravati Capital, LLC is a litigation finance company with its
    principal place of business in Scottsdale, Arizona; Pravati Capital operates in
    Minnesota and funds cases before state and federal courts in Minnesota.

5.  Defendant Pravati Investment Fund IV, LP is an investment fund controlled
    by Pravati Capital, LLC, for litigation investments; the fund is believed to
    exist only on paper and has no employees or physical offices.

6.  Defendant Alex Chucri is the CEO of Pravati Capital, LLC, and directly
    oversaw the actions giving rise to this Complaint: Mr. Chucri is believed to be
    a resident of Arizona.

7.  Defendant Robert R. Hopper is a former attorney who resigned from practice in lieu of disbarment following unrelated allegations of forgery and theft of client funds: He resides in Minnesota.

8.  Defendants John Does 1-99 are investors in Pravati Capital, LLC, who knowingly provided capital to facilitate Pravati's fraudulent operations. The present identity of these investors is unknown.

### III.   JURISDICTION AND VENUE

9.  This Court has jurisdiction pursuant to Minn. Stat. § 484.01.

10. Venue is proper in this district because the actions giving rise to this Complaint occurred in this district, and all Defendants have conducted business within Minnesota.

11. The derivative litigation (the litigation that was the subject of funding agreements) was all before state and federal courts in Minnesota.

### IV.   FACTUAL BACKGROUND

12. In the fall of 2020, Attorney Madgett a principal of the litigation funding company Madgett & Klein, PLLC, was approached by Mr. Robert R. Hopper for assistance in funding several of Hopper's cases: Hopper requested that Plaintiff and his firm evaluate several of his cases for potential investment.

13. After a thorough review, Attorney Madgett declined to invest in Hopper's litigation portfolio and referred him to a partner funding organization, Pravati Capital, LLC.

6

Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

14. Pravati Capital expressed immediate interest in Hopper's cases and agreed to fund the litigation, conditional upon Attorney Madgett overseeing the litigation.

15. A deal was structured whereby Pravati would transfer an initial sum of $450,000.00 to the trust account of Madgett & Klein, PLLC ("Klein"), contingent upon the firm executing new client agreements with the initial Plaintiff.

16. On November 16, 2020, a non-recourse funding agreement ("First Funding Agreement") was executed between Pravati and Madgett & Klein, PLLC, with Attorney Madgett signing on behalf of the firm.

17. The agreement provided that Pravati would transfer funds to the trust account of Madgett & Klien, PLLC after Madgett & Klien, PLLC took over representation of the clients bringing the funded cases.

18. Shortly thereafter, in a last-minute change while Attorney Madgett was on vacation, Hopper claimed he had reached a separate agreement with Pravati that did not require Attorney Madgett to oversee the funds or for Klein to take over his cases.

19. This was confirmed in a call with Pravati's representative, Mr. Bruce Cohen, who stated that Pravati had worked out a new agreement and a direct arrangement with Hopper.

Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

20. Mr. Cohen further stated that the funding agreements were somewhat of a formality as Parvati doubted the enforceability of its contracts in Minnesota.

21. Indeed, on information and belief, Hopper executed a separate agreement with Pravati, circumventing and voiding any agreement with Klein.

22. Contrary to the terms of the First Funding Agreement, yet consistent with the alleged agreement with Hopper, Pravati transferred $450,000.00 to the client trust account of Hopper's firm, an account exclusively controlled by Hopper.

23. At no point did Attorney Madgett or the Klein law firm have access to or control over these funds, nor did either derive any benefit from the funds.

24. After obtaining funding, Hopper retained Attorney Madgett to assist with the cases, paying him an hourly fee.

25. Attorney Madgett had no knowledge of the source of the funds Hopper used to pay these hourly legal fees.

**The Second Funding Agreement**

26. On or about May 25, 2021, without Plaintiff's knowledge or consent, Hopper submitted a second funding agreement to Pravati, purportedly creating an agreement between Madgett & Klein, PLLC and Robert R. Hopper & Associates, LLC.

27. Hopper repeatedly forged Attorney Madgett's signature, including a fraudulent personal guaranty from Plaintiff.

8

28. Hopper transmitted the forged agreement to Pravati, omitting Plaintiff from all communications.

29. Despite this obvious red flag—namely, a funding agreement lacking any notification to the alleged guarantor—Pravati failed to verify the authenticity of the signature or notify Plaintiff: A Copy of this email is included as Exhibit A to this complaint.

30. This is particularly troubling given what appear to be markings from the document being first photocopied and then scanned, the obvious discrepancy between both Attorney's Madgett's handwriting within the document and when compared to the 2020 agreement, and the misspelling of Plaintiff's name as "Daid Madgett".

31. For example, the signature and printing on the funding agreement is as follows:

| David J.S. Madgett, Esq. | Robert R. Hopper, Esq. |
|---|---|
| By: _____ | By: Robert R. Hopper |
| Name: David Madgett | Name: ROBERT R. Hopper |
| Title: Partner | Title: Managing Partner |
| Date: May 25, 2021 | Date: 5/25, 2021 |

21. The guarantor agreement by contrast bears markedly different printing reading as follows:

Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

| GUARANTOR | GUARANTOR |
|---|---|
| David J. S. Madgett | Robert R. Hopper |
| By: _(signature)_ | By: _Robert R. Hopper_ |
| Name: _David Madgett_ | Name: _ROBERT R. HOPPER_ |
| Date: _5/19/21_ | Date: _5/19/21_ |

32. Given Attorney Madgett's exclusion from communication and the obvious discrepancy in handwriting any reasonable person would have confirmed the agreement's authenticity with Attorney Madgett.

33. Pravati, however, failed to make any effort to verity the agreement.

34. Pravati's negligence facilitated Hopper's fraudulent scheme.

35. On information and belief, Pravati knew that neither Attorney Madgett nor anyone from Klein had signed the agreement.

36. On information and belief, individuals at Pravati actively aided Hopper's fraud both to conceal their prior errors including the fact that Pravati previously transferred money to Hopper without recourse and in an effort to improperly encumber Klein.

37. Throughout the litigation, Pravati communicated exclusively with Hopper and referred to Plaintiff merely as "co-counsel," disregarding any alleged status as a borrower.

38. On information and belief, Pravati later became aware of Hopper's fraudulent actions but failed to notify Attorney Madgett.

**The Third Funding Agreement.**

Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

39. On or about November 1, 2021, a third funding agreement was executed under similarly fraudulent circumstances.

40. Hopper once again forged Plaintiff's signature on a personal guaranty for Madgett & Klein, PLLC and transmitted it to Pravati without Plaintiff's knowledge.

41. The alleged personal guaranty was partially complete with fields that were left blank in some cases and in others contained obviously flawed information.

42. The signature on the personal guaranty is again notable in both the obviously different handwriting and the incorrect middle initials.



43. Pravati again failed to verify the authenticity of the signature or involve Plaintiff in relevant communications, thereby perpetuating Mr. Hopper's fraud.

**Subsequent Developments**

44. Pravati had actual knowledge of Hopper's financial distress and a history of forgery but failed to perform adequate due diligence.

01841-Madgett

45. Despite clear warning signs, Pravati negligently or intentionally facilitated Hopper's fraudulent actions, never informing Plaintiff of the agreements or alleged personal guaranties.

46. When previously deposed, Pravati admitted that its protocol was breached when it accepted the partially complete, unverified loan documents from Mr. Hopper without additional verification.

47. Pravati further admitted that it lacked any evidence to refute a claim of forgery.

48. At no time did Pravati ever include Plaintiffs on any communication regarding the loan agreements instead communicating exclusively with Hopper.

49. This intentional exclusion of Plaintiffs from communication further evidences Pravati aiding and abetting Hopper's fraud.

50. On information and belief, Pravati provides regular updates to its investors and notified its investors of Hopper's misdeeds and Pravati attempts to fraudulently bind Madgett & Klein, PLLC.

51. In January 2021, Madgett & Klein, PLLC was renamed The Hutton Firm, PLLC.

52. In the spring of 2022, after Hopper failed to make agreed-upon legal fee payments, Attorney Madgett withdrew from assisting Hopper with several of Hopper's cases.

53. Plaintiff later sold The Hutton Firm, PLLC (formerly Madgett & Klein, PLLC) and all related assets to Mr. Lee Hutton.

27-CV-25-4114

CASE 0:26-cv-01703-JWB-DTS    Doc. 1-1    Filed 03/02/26    Page 14 of 24    Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

54. In the summer of 2022, Hopper appears to have settled one or more of the funded cases and absconded with the settlement funds without paying Pravati as agreed.

55. In the fall of 2022, Pravati issued a demand for arbitration against Mr. Madgett, Mr. Hutton, and Hopper, seeking approximately $4 million. The demand contained no supporting facts but claimed to have previously requested information.

56. In fact, Pravati made no attempt to request information from either Mr. Madgett or Mr. Hutton, instead exclusively contacting Mr. Hopper further demonstrating that at no time prior to the final demand did Pravati every attempt to notify either Mr. Madgett or Mr. Hutton of its alleged claim or the alleged legal agreements.

57. Upon receipt of the final demand letter, Plaintiffs immediately responded by informing Pravati of Hopper's fraud and questioned why Pravati had failed to notify Plaintiffs of the funding agreements prior to threatening arbitration.

58. Mr. Hutton similarly expressed shock at being a victim of Hopper's fraud and demanded that Pravati release him and his firm. Pravati eventually acknowledged issues with its case and released both Mr. Hutton and The Hutton Firm f/k/a Madgett & Klein, PLLC.

**Arbitration Findings**

13

59. On May 7, 2024, the arbitrator issued an interim award finding no jurisdiction over Attorney Madgett personally and concluding that Pravati had failed to present evidence warranting an award against Madgett Law, LLC.

60. The arbitrator found liability for Madgett & Klein, PLLC and Hopper's firm but failed to acknowledge the prior release of The Hutton Firm f/k/a Madgett & Klein, PLLC.

61. As such, the arbitration award is fundamentally flawed with respect to Madgett & Klein, PLLC.

62. Recognizing the worthlessness of its award with respect to Madgett & Klein, PLLC and Hopper's firm, Pravati's management consciously decided to engage in fraud at the expense of Madgett Law, LLC.

63. Pravati falsely claimed to have an enforceable lien against Attorney Madgett and Madgett Law, LLC.

64. Pravati engaged in a campaign of fraudulent communications to Plaintiff's clients, opposing counsel and even courts all such communication causing significant reputational and financial harm.

65. Pravati's actions have resulted in documented losses exceeding $10,000,000.00 for Madgett Law and substantial damage to Plaintiff's professional reputation resulting in tens of millions of dollars in future damages.

## CLAIMS FOR RELIEF

### Count I

14

27-CV-25-4114

Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

## Fraud
### (Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, Robert R. Hopper, and Alex Chucri)

66. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

67. Defendants knowingly made false representations regarding the execution of funding agreements and purported personal guarantees by Plaintiff.

68. Specific examples of false statements include:

    a. On November 16, 2020 at approximately 4:30 p.m., Mr. Hopper represented to Attorney Madgett that he had created a separate agreement with Pravati: This statement was false.

    b. On November 18, 2020 at approximately 9:27 a.m. Mr. Bruce Cohen an employee of Pravati verbally confirmed the existence of an agreement between Hopper and Pravati: This statement was false.

    c. On November 18, 2020 at 10:12 a.m. after Plaintiffs requested additional information about the November 16, 2020 agreement, Mr. Bruce Cohen emailed Attorney Madgett the following:

> "Dave, Thanks for letting us know; your question and your concerns make a lot more sense now. (And I trust you understand our confusion.) Candidly, we had wondered why you hadn't reached out to us directly, but this fills in the details. We'll handle things from here."

This statement was false is that Pravati did nothing to handle the issue, and in fact proceeded as if no agreement with Hopper existed.

15

d.  In May of 2021, Mr. Hopper affixed Attorney Madgett's name to the May 2021 and November 2021 funding agreements and accompanying personal guarantees without authority to do so knowing that Pravati would be induced to transfer the sums of money outlined in those agreements.

69. Mr. Hopper accepted payments under those agreements knowing doing so would result in financial harm to Plaintiffs.

70. Defendant Alex Chucri, in his role as CEO, directly oversaw and facilitated the fraudulent agreements despite clear red flags regarding their authenticity.

71. Defendants facilitated fraudulent agreements executed by Mr. Hopper, despite obvious red flags, including forged signatures and the absence of direct communication with Plaintiff.

72. Defendants' actions directly and proximately caused damages to Plaintiffs, including financial harm and reputational injury.

73. As a result of Defendants' fraudulent actions, Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

**Count II**
**Aiding and Abetting Fraud**
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri)**

74. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

16

75. Defendants, including Alex Chucri, knowingly assisted Mr. Hopper in perpetuating his fraudulent scheme by failing to perform due diligence and by ignoring clear evidence of forgery and fraud.

76. Defendants' actions and omissions directly enabled the commission of fraud against Plaintiffs.

77. Plaintiffs suffered significant financial and reputational harm as a result of Defendants' willful participation in the fraudulent scheme.

78. Plaintiffs seek compensatory and punitive damages in an amount to be determined at trial.

**Count III**
**Negligence**
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri)**

79. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

80. Defendants owed a duty of care to Plaintiffs to verify the authenticity of funding agreements and to act with due diligence in their business dealings.

81. Defendant Alex Chucri, as CEO of Pravati Capital, LLC, was directly involved in overseeing these transactions and failed to ensure proper verification.

82. Defendants breached this duty by failing to verify forged documents, ignoring evidence of fraud, and negligently asserting invalid claims against Plaintiffs.

83. Defendants' negligence directly and proximately caused financial harm and damage to Plaintiffs' reputation.

84. Plaintiffs seek compensatory damages in an amount to be determined at trial.

## Count IV
## Defamation
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri)**

85. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

86. Defendants made false statements to Plaintiffs' clients, colleagues, and the public, including claims of financial insolvency and alleged liens against Madgett Law, LLC.

87. Defendant Alex Chucri oversaw and approved the dissemination of false information as part of Pravati's campaign against Plaintiffs.

88. These statements were defamatory and caused harm to Plaintiffs' professional reputation and business relationships.

89. Defendants acted with actual malice, knowing the statements were false or with reckless disregard for the truth.

90. Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## Count V
## Tortious Interference with Business Relationships

18

Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, Alex Chucri, and John Does 1-99)**

91. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

92. Defendants intentionally and improperly interfered with Plaintiffs' business relationships by contacting clients and making false claims of liens and judgments against Madgett Law, LLC.

93. Defendant Alex Chucri directed these communications and knowingly authorized the improper claims.

94. Defendants John Does 1-99, as investors, knowingly provided financial support to Pravati with actual knowledge of the fraudulent and wrongful acts.

95. Defendants' actions caused clients to withdraw their business, resulting in significant financial losses exceeding $10,000,000.

96. Plaintiffs seek compensatory and punitive damages in an amount to be determined at trial.

**Count VI**
**Abuse of Process**
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri)**

97. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

19

98. Defendants wrongfully utilized arbitration and legal processes for an ulterior purpose, including asserting false claims and liens against Plaintiffs without legal authority.

99. Defendant Alex Chucri directed the misuse of legal processes to pressure Plaintiffs into an unlawful settlement.

100.     Defendants' abuse of process caused substantial harm to Plaintiffs, including lost revenue and reputational damage.

101.     Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

### Count VII
### Fraudulent Lien Filings under Minn. Stat. § 514.03
### (Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri)

102.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

103.     Defendants knowingly filed false and fraudulent UCC liens against Madgett Law, LLC without any legal or factual basis to support such claims.

104.     Defendant Alex Chucri directly approved the fraudulent filings.

105.     Defendants' actions violated Minn. Stat. § 514.03, which prohibits the filing of fraudulent liens.

106.     Plaintiffs suffered substantial harm, including financial loss exceeding $10,000,000 and reputational injury.

107.    Plaintiffs seek compensatory damages, statutory penalties, and punitive damages as allowed under Minn. Stat. § 514.03.

## Count VIII
## Civil Conspiracy
### (Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, Robert R. Hopper, Alex Chucri, and John Does 1-99)

108.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

109.    Defendants, including Alex Chucri and John Does 1-99, conspired with Mr. Hopper to defraud Plaintiffs and to misrepresent the nature of agreements and liens to third parties.

110.    The conspiracy was conducted through coordinated acts, including the creation, transmission, and enforcement of forged agreements and false claims.

111.    Plaintiffs suffered financial and reputational harm as a direct result of Defendants' conspiracy.

112.    Plaintiffs seek compensatory and punitive damages in an amount to be determined at trial.

## Jury Demand

113.    Plaintiffs hereby demands a trial by jury.

## Prayer for Relief

114.    WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

21

27-CV-25-4114
Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

a. Awarding Plaintiffs compensatory damages in an amount to be determined at trial;

b. Awarding Plaintiffs punitive damages to deter future misconduct;

c. Declaring Defendants' claims and liens against Madgett Law, LLC invalid and enjoining Defendants from asserting such claims;

d. Awarding statutory penalties under Minn. Stat. § 514.03;

e. Awarding Plaintiffs their costs, expenses, and reasonable attorney's fees incurred in bringing this action;

f. Granting such other and further relief as the Court deems just and proper.


December 30, 2024          Andrew Ratelle
                           Minnesota Attorney No. (#0398018)
                           IDS Center Suite 1650
                           80 South 8th Street
                           Minneapolis, MN 55402
                           (952) 261 - 4309
                           ratelle.aj@gmail.com


                           **MADGETT LAW, LLC**

                           /s/David Madgett
                           David Madgett (#0390494)
                           IDS Center, Suite 1650
                           80 South 8th Street
                           Minneapolis, MN 55402
                           612-470-6529
                           dmadgett@madgettlaw.com
                           ATTORNEY FOR PLAINTIFF

Filed in District Court
State of Minnesota
3/11/2025 8:15 AM

## ACKNOWLEDGMENT REQUIRED UNDER
## MINN. STAT. § 549.211, SUBD. 1

The undersigned hereby acknowledges that sanctions may be imposed under Minn. Stat. § 549.211, if factual contentions and legal arguments contained in this motion are unwarranted or presented for an improper purpose or are lacking in evidentiary support.

December 30, 2024

Andrew Ratelle
Minnesota Attorney No. (#0398018)
IDS Center Suite 1650
80 South 8th Street
Minneapolis, MN 55402
(952) 261 - 4309
ratelle.aj@gmail.com

**MADGETT LAW, LLC**

/s/David Madgett
David Madgett (#0390494)
IDS Center, Suite 1650
80 South 8th Street
Minneapolis, MN 55402
612-470-6529
dmadgett@madgettlaw.com
ATTORNEY FOR PLAINTIFF



01841-Madgett