**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Madgett Law, LLC and David J.S. Madgett,<br><br>Plaintiffs,<br><br>v.<br><br>Pravati Capital, LLC and Pravati Investment Fund IV, LP,<br><br>Defendants. | Civ. No. 26-1703 (JWB/DTS)<br><br><br><br>**ORDER ON MOTION TO DISMISS** |

---

Andrew John Ratelle, Esq., Morris Law Group, and David J.S. Madgett, Esq., Madgett Law, LLC, counsel for Plaintiffs.

Cassandra Wolfgram, Esq., Matthew J. Schaap, Esq., and Melanie Rose Finley, Esq., Doughtery, Molenda, Solfest, Hills & Bauer, P.A., counsel for Defendants.

---

Pravati Capital, LLC and Pravati Investment Fund IV, LP (together, "Pravati") move to dismiss this lawsuit because an earlier federal judgment allegedly bars the claims. (Doc. No. 12.) Both lawsuits arose from a dispute over litigation financing, but the present complaint, the latter of the two, also challenges Pravati's later collection efforts and communications with clients. The question here is whether the alleged later acts constitute new, independent conduct or are part of the same nucleus of operative facts as the earlier claims. The pleadings do not resolve that question sufficiently to warrant dismissal at this stage.

**BACKGROUND**

Pravati is a litigation funding company that provides financing to law firms

pursuing litigation. (Doc. No. 1-1 ¶¶ 4–5.) Between November 2020 and November 2021, three funding agreements were executed involving Pravati, Robert Hopper and his law firm, and Madgett & Klein, PLLC, a law firm that Plaintiff David J.S. Madgett partially owned. (*See id.* ¶¶ 15–43.)

Madgett disputes his obligations under the agreements and alleges that his signatures on the second and third agreements, including purported personal guarantees, were forged. (*Id.* ¶¶ 27, 40.) He also asserts that Madgett Law, LLC is a separate firm that neither signed the agreements nor received financing. That distinction matters because some alleged collection efforts targeted Madgett Law, although the later arbitration award was entered against Madgett & Klein and Hopper's firm. (*Id.* ¶¶ 59–64; *see also* Doc. No. 15-1 at 1.)

Following a dispute over repayment, Pravati initiated arbitration in Arizona in January 2023 against Robert Hopper, David J.S. Madgett, their respective law firms—Robert R. Hopper & Associates, LLC and Madgett & Klein, PLLC—and Madgett Law, LLC. (Doc. No. 15-3.) Madgett Law claimed that it had never agreed to arbitrate and that Pravati was improperly attempting to hold it responsible for obligations incurred by others. (*Id.*)

In April 2023, Madgett Law sued Pravati in Minnesota state court. (*See generally* Doc. No. 15-3.) The complaint sought to stop the arbitration and asserted claims for abuse of process, consumer-protection violations, and fraud arising from Pravati's alleged conduct concerning the funding agreements and arbitration. (*Id.*) Pravati removed that case to federal court, where it remained pending as the Arizona proceedings continued.

In June 2024, the arbitrator awarded Pravati more than $4.3 million against Madgett & Klein and Hopper's law firm. (Doc. No. 15-3.) An Arizona court confirmed the award in October 2024. (Doc. No. 15-2.) In February 2025, an Arizona court entered a separate judgment against Madgett and Hopper individually. (Doc. No. 21-1.) Madgett disputes the asserted basis for his personal liability and continues to maintain that Madgett Law is a distinct entity without liability under the agreements.

In March 2025, Madgett Law and David Madgett filed this second lawsuit in Minnesota state court. (Doc. No. 1-1.) It repeats allegations about the funding agreements and purportedly forged signatures. It also alleges that Pravati asserted improper liens against Madgett Law, communicated false claims of indebtedness to clients and others, and interfered with business relationships. Madgett attributes additional financial and reputational injury to these asserted acts. The complaint, however, does not consistently distinguish earlier financing statements from subsequent lien notices, communications, or collection measures.

The lawsuits overlapped in time. In July 2025, four months after this action was filed, the first federal action ended. At Madgett Law's request, its claims for abuse of process, consumer-protection violations, and fraud were dismissed with prejudice; the request to stay arbitration was dismissed as moot. (Doc. No. 15-7.) Pravati removed this second action to federal court in March 2026. (Doc. No. 1.)

Pravati argues that both actions concern the same funding agreements, arbitration, and collection dispute. It emphasizes that Madgett knew of the alleged later conduct before the first federal action ended and could have sought to add those claims there.

Madgett responds that subsequent liens, communications, and interference with business relationships involved independent wrongful acts that were not part of the first lawsuit.

**DISCUSSION**

Claim preclusion, a form of res judicata, prevents parties from relitigating claims that were raised, or could have been raised, in an earlier action. *Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1042 (8th Cir. 2006). It applies when the earlier action resulted in a final judgment on the merits by a court with jurisdiction, and both actions involve the same claims and the same parties or their privies. *Id.*

Res judicata is an affirmative defense, ordinarily raised in an answer. *See* Fed. R. Civ. P. 8(c)(1). It may support dismissal under Rule 12(b)(6), however, when the facts establishing the defense are apparent from the complaint and materials properly considered with it. *Magee v. Hamline Univ.*, 775 F.3d 1057, 1058–59 (8th Cir. 2015). Those materials include public records, documents necessarily embraced by the complaint, and written instruments attached to it. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012). The issue here is whether the two actions involve the same claims. The remaining requirements need not be decided because that issue resolves the motion.

Whether two lawsuits involve the same claims depends on whether they arise from the same nucleus of operative facts. *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990). But claims arising from events occurring after the first lawsuit was filed are not necessarily precluded, even if they could have been added to that lawsuit. *See Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001); *Baker Group, L.C. v. Burlington*

*N. & Santa Fe Ry. Co.*, 228 F.3d 883, 886 (8th Cir. 2000). Rule 15(d) permits a plaintiff to supplement a complaint to address later events but does not require supplementation. *See Baker Group*, 228 F.3d at 886 (citing Fed. R. Civ. P. 15(d)). The same is true for joinder of claims under Fed. R. Civ. P. 18.

The parties emphasize different dates. Madgett focuses on April 2023, when the first lawsuit was filed, before Pravati allegedly asserted improper liens, made false statements to clients and others, and interfered with Madgett Law's business relationships. Pravati focuses on July 2025, when the first lawsuit reached final judgment. By then, Madgett allegedly knew of those acts and could have sought to add claims based on them to the first lawsuit. Neither date resolves the issue. The question is whether the later conduct constitutes new wrongful acts or merely supplies additional evidence, legal theories, or consequences of the earlier dispute. *Saylor v. Jeffreys*, 131 F.4th 864, 867 (8th Cir. 2025).

Pravati is correct that the lawsuits overlap. Both arise from the funding agreements and Pravati's efforts to impose liability under them. The 2025 complaint also repeats allegations about forged signatures and the original agreements that were part of the earlier dispute. Those allegations do not become new claims simply because they are presented under different legal theories or because the alleged harm continued. Nor does the fact that Madgett knew of the later conduct before the first action ended necessarily establish preclusion. Rule 15(d) and Rule 18 did not require him to supplement the earlier complaint or join every subsequently arising claim.

The distinction matters here. Some of the alleged misconduct concerns financing

statements filed before the first lawsuit. If the later allegations concern only the continuing effects of those filings, they may involve the same operative facts as the earlier action. But the complaint also alleges that Pravati subsequently made false statements to Madgett Law's clients and interfered with its business relationships. If those allegations concern separate acts occurring after the first lawsuit began, they may support claims arising from a different set of operative facts.

The present pleadings do not permit that distinction to be drawn with sufficient certainty. Some allegations concern the original funding agreements and arbitration. Others concern allegedly improper liens, communications, and collection efforts occurring afterward. The complaint does not consistently identify when those acts occurred or whether they were separate acts of misconduct rather than continuing consequences of the earlier dispute. Pravati identifies financing statements filed before the first lawsuit, while Madgett alleges later enforcement activity. (*See* Doc. Nos. 1-1, 24.) The present record does not establish which allegations arise from the same operative facts as the earlier action and which, if any, arise from separate conduct.

Pravati also relies on a state-court ruling vacating a default judgment that was previously issued in this action. The state court found substantial factual overlap between the two lawsuits. (Doc. No. 15-8.) That observation deserves consideration. But the ruling was addressing the validity of a default judgment, rested in part on defective service, and did not decide which claims, if any, were extinguished by the July 2025 federal dismissal. The finding of overlap does not itself establish claim preclusion across the claims asserted here.

Some allegations in the 2025 complaint may ultimately be barred, particularly those directed at the original funding agreements and arbitration. Others may concern independently actionable events occurring after the first suit began. The pleadings and properly considered materials do not establish the boundaries between those allegations well enough to sustain the requested dismissal. At this stage, well-pled facts and reasonable inferences are taken in Madgett's favor. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

The present record does not establish that all of the challenged conduct arises from the same nucleus of operative facts as the earlier action. Pravati therefore has not established claim preclusion as a basis for dismissal at this stage. The motion is denied.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 12) is **DENIED**.

Date: October 29, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge