**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Madgett Law, LLC; David J.S. Madgett,<br><br>Plaintiffs,<br><br>v.<br><br>Pravati Capital, LLC; Pravati Investment Fund IV, LP; Alex Chucri; and Robert R. Hopper; John Does 1-99,<br><br>Defendants. | Case No.: 26-cv-1703 (JWB/DTS)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri (together, "Defendants"), for their Answer to the Complaint of Plaintiffs Madgett Law, LLC and David J.S. Madgett ("Plaintiffs"), state and allege as follows:

## I. INTRODUCTION

Defendants deny the allegations in the unnumbered introductory paragraphs, including footnote 1, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Robert R. Hopper's professional history and therefore deny them.

## II. PARTIES

1. Defendants admit, on information and belief, that Plaintiff David J.S. Madgett is an attorney who resides in Minnesota. Defendants lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 1 and therefore deny them.

2. Defendants admit, on information and belief, that Madgett Law, LLC is a Minnesota limited liability company. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore deny them.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore deny them.

4. Defendants admit that Pravati Capital, LLC is a litigation finance company with its principal place of business in Scottsdale, Arizona. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants admit that Pravati Investment Fund IV, LP is a limited partnership. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants admit that Alex Chucri is the Chief Executive Officer of Pravati Capital, LLC and resides in Arizona. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny them.

8. Paragraph 8 is directed to defendants who are not parties to this action, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8.

## III. JURISDICTION AND VENUE

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this action following its removal under 28 U.S.C. §§ 1332, 1441, and 1446. Defendants deny the remaining allegations in Paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District under 28 U.S.C. § 1441(a). Defendants deny the remaining allegations in Paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny them.

## IV. FACTUAL BACKGROUND

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny them.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny them.

14. The funding agreement speaks for itself. Defendants deny the allegations in Paragraph 14 to the extent they are inconsistent with that document and otherwise deny them.

15. The First Funding Agreement speaks for itself. Defendants deny the allegations in Paragraph 15 to the extent they are inconsistent with that document and otherwise deny them.

16. Defendants admit that on or about November 16, 2020, a funding agreement was executed between Pravati and Madgett & Klein, PLLC, and that David Madgett signed it on behalf of Madgett & Klein, PLLC. Defendants deny the remaining allegations in Paragraph 16.

17. The First Funding Agreement speaks for itself. Defendants deny the allegations in Paragraph 17 to the extent they are inconsistent with that document and otherwise deny them.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 concerning Attorney Madgett's whereabouts and what Hopper claimed and therefore deny them. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 concerning whether any account was exclusively controlled by Hopper and therefore deny them. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny them.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny them.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny them.

**The Second Funding Agreement**

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 concerning Plaintiff's knowledge or consent and therefore deny them. Defendants deny the remaining allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 concerning Hopper's communications with Plaintiff and therefore deny them. Defendants deny the remaining allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Paragraph 31 purports to reproduce portions of documents. The documents speak for themselves. Defendants deny the allegations in Paragraph 31 to the extent they are inconsistent with the documents and otherwise deny them.

21 (second). The second paragraph numbered "21" purports to reproduce a portion of a document. The document speaks for itself. Defendants deny the allegations in that paragraph to the extent they are inconsistent with the document and otherwise deny them.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

**The Third Funding Agreement**

39. Defendants admit that on or about November 1, 2021, a third funding agreement was executed. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 concerning what Hopper did and what Plaintiff knew and therefore deny them. Defendants deny the remaining allegations in Paragraph 40.

41. The personal guaranty speaks for itself. Defendants deny the allegations in Paragraph 41 to the extent they are inconsistent with the document and otherwise deny them.

42. The personal guaranty speaks for itself. Defendants deny the allegations in Paragraph 42 to the extent they are inconsistent with the document and otherwise deny them.

43. Defendants deny the allegations in Paragraph 43.

**Subsequent Developments**

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. To the extent Paragraph 46 characterizes deposition testimony, the testimony speaks for itself, and Defendants deny the allegations in Paragraph 46 to the extent they are inconsistent with it. Defendants deny the remaining allegations in Paragraph 46.

47. To the extent Paragraph 47 characterizes deposition testimony, the testimony speaks for itself, and Defendants deny the allegations in Paragraph 47 to the extent they are inconsistent with it. Defendants deny the remaining allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny them.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny them.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny them.

54. Defendants admit, on information and belief, that Hopper received proceeds from one or more of the funded matters and did not pay Pravati the amounts due under the funding agreements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and therefore deny them.

55. Defendants admit that Pravati commenced an arbitration in Arizona against, among others, Hopper, David Madgett, Robert R. Hopper & Associates, LLC, Madgett &

Klein, PLLC, and Madgett Law, LLC. The demand for arbitration speaks for itself. Defendants deny the remaining allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Plaintiffs' response to the demand for arbitration speaks for itself. Defendants deny the allegations in Paragraph 57 to the extent they are inconsistent with that document and otherwise deny them.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 concerning Mr. Hutton's alleged reaction and therefore deny them. Any dismissal or resolution of claims against Mr. Hutton or The Hutton Firm speaks for itself. Defendants deny the remaining allegations in Paragraph 58.

**Arbitration Findings**

59. Defendants admit that the arbitrator issued an interim award on or about May 7, 2024. The interim award speaks for itself, and Defendants deny the allegations in Paragraph 59 to the extent they are inconsistent with it. Defendants deny the remaining allegations in Paragraph 59.

60. Defendants admit that the arbitrator found Madgett & Klein, PLLC and Robert R. Hopper & Associates, LLC liable. Defendants deny the remaining allegations in Paragraph 60.

61. Paragraph 61 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

## CLAIMS FOR RELIEF

### Count I
### Fraud
### (Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, Robert R. Hopper, and Alex Chucri)

66. Defendants incorporate their responses to Paragraphs 1 through 65 as if fully set forth herein.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68, including its subparagraphs, except as expressly admitted below:

(a) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraph (a) and therefore deny them.

(b) Defendants admit that Bruce Cohen is an employee of Pravati Capital, LLC. Defendants deny the remaining allegations in subparagraph (b).

(c) Defendants admit that Bruce Cohen sent an email to Attorney Madgett on or about November 18, 2020. The email speaks for itself. Defendants deny the remaining allegations in subparagraph (c).

(d) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraph (d) concerning what Hopper did and therefore deny them. Defendants deny the remaining allegations in subparagraph (d).

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny them.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

**Count II**
**Aiding and Abetting Fraud**
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri)**

74. Defendants incorporate their responses to Paragraphs 1 through 73 as if fully set forth herein.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

**Count III**
**Negligence**
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri)**

79. Defendants incorporate their responses to Paragraphs 1 through 78 as if fully set forth herein.

80. Paragraph 80 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

**Count IV**
**Defamation**
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri)**

85. Defendants incorporate their responses to Paragraphs 1 through 84 as if fully set forth herein.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

**Count V**
**Tortious Interference with Business Relationships**
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, Alex Chucri, and John Does 1-99)**

91. Defendants incorporate their responses to Paragraphs 1 through 90 as if fully set forth herein.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Paragraph 94 is directed to defendants who are not parties to this action, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

**Count VI**
**Abuse of Process**
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri)**

97. Defendants incorporate their responses to Paragraphs 1 through 96 as if fully set forth herein.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

**Count VII**
**Fraudulent Lien Filings under Minn. Stat. § 514.03**
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, and Alex Chucri)**

102. Defendants incorporate their responses to Paragraphs 1 through 101 as if fully set forth herein.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Paragraph 105 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

**Count VIII**
**Civil Conspiracy**
**(Against Defendants Pravati Capital, LLC, Pravati Investment Fund IV, LP, Robert R. Hopper, Alex Chucri, and John Does 1-99)**

108. Defendants incorporate their responses to Paragraphs 1 through 107 as if fully set forth herein.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

**Jury Demand and Prayer for Relief**

113. Paragraph 113 is a demand for a jury trial to which no response is required.

114. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 114, including subparagraphs (a) through (f).

**General Denial**

Defendants deny each and every allegation of the Complaint not expressly admitted above.

WHEREFORE, Defendants request that the Complaint be dismissed with prejudice and that Defendants be awarded their costs and disbursements.

DATED: November 12, 2026.

**HELLMUTH & JOHNSON**

By: s/ Sarah G. Loken
J. Robert Keena, #0258817
Sarah G. Loken, #056589
8050 W. 78th St.
Edina, MN 55439
Phone: (952) 941-4005
Fax: (952) 941-2337
Email: jkeena@hjlawfirm.com
sloken@hjlawfirm.com

David E. Wood (Pro Hac Vice)
1787 Legal Group, LLC
7154 E. Stetson Drive, #210
Scottsdale, AZ 85251
Phone: (480) 718-3137
Email: david@1787legalgroup.com
*Attorneys for Defendants Pravati Capital, LLC and Pravati Investment Fund IV, LP*